OPINION OF THE COURT
David Demarest, J.
*286 Petitioner moves for an order permitting its expert psychologist to testify remotely by video feed at a hearing scheduled to be held on June 25, 2009, in Canton, New York, to determine whether the respondent is in violation of the terms of his strict and intensive supervision and treatment (SIST) release from confinement and, if so, whether he should be reconfíned as a dangerous sex offender under article 10 of the Mental Hygiene Law. In support of the motion is the affirmation of December M. Sutton, Esq., dated June 15, 2009, and the affidavit of Dr. Mark Cederbaum, sworn to June 15, 2009. In opposition is the affirmation, with attachments, of Jeremy J. Best, Esq., dated June 19, 2009.
Following a February 17, 2009 hearing on respondent’s application for discharge from confinement as a dangerous sex offender, an order was entered granting the petition and placing respondent on SIST release. At that hearing, Dr. Cederbaum testified on behalf of the petitioner that the respondent was in need of further confinement. Respondent’s expert psychologist testified that although he considered respondent to be a dangerous sex offender, he was not in need of further confinement. After hearing and considering the conflicting proof, I determined the petitioner had not met its burden of proving by clear and convincing evidence the need for further confinement.
Respondent was released to the custody of the Division of Parole (Parole) on April 27, 2009. On May, 4, 2009, alleging violations of the conditions of his release, Parole arrested the petitioner and placed him in the Chemung County Jail. Petitioner made application for an order revoking the SIST and reconfining respondent. An order to show cause issued on May 9, 2009, setting the matter down for a hearing. Thereafter, on May 12, 2009, petitioner provided the court and the respondent with a copy of a May 11, 2009 report prepared by an examiner from the Office of Mental Health, Dr. Timothy Wisniewski, who, after conducting an examination of the respondent, concluded that he was not a dangerous sex offender in need of confinement. Despite this report, petitioner intends to proceed with its application to reconfine the respondent and to present proof at the hearing previously scheduled. Based upon that report, I directed that the respondent be released from jail to the custody of Parole under modified conditions of SIST.
Petitioner alleges the court has the discretion to order video testimony in Mental Hygiene Law cases and cites Matter of Doe (13 Misc 3d 497 [Sup Ct, Oneida County 2006]). There, a *287 convicted felon in the custody of the Department of Correctional Services residing in a psychiatric facility was the subject of an application to authorize involuntary treatment with antipsychotic medication. It was held that the inmate could not be forced to appear by interactive video, but that the physician expert witness could, holding that the right to face-to-face confrontation is not absolute and may give way to an exception provided there are assurances of the testimony’s reliability. The court relied upon United States v Gigante (166 F3d 75 [2d Cir 1999]).
Respondent relies primarily on People v Wrotten (60 AD3d 165 [1st Dept 2008]). The Appellate Division reversed a determination of Supreme Court to permit a witness in a criminal trial to testify via two-way video for the convenience of the witness who was then living in California. The majority held that the decision to permit televised testimony in a criminal case is a substantive policy decision that must be made by the legislative branch and that courts lack the inherent power to make such a determination.
Were this proceeding a criminal trial or hearing, clearly, People v Wrotten would be binding on this court and the application would have to be denied. Does the fact that article 10 has been deemed to be a civil proceeding distinguish this case so that a balancing of factors can be considered as was done in Doe? I think it does not.
Respondent cites to the legislative history of article 10 in which it was proposed in the Assembly to amend the statute to permit televised testimony, “for good cause shown.” This provision was omitted from the final version of the bill, which indicates that the Legislature made a substantive policy decision. In light of the potential for the respondent to lose his liberty, whether his confinement is deemed “civil” or “criminal,” the important right of confrontation should be preserved until specific statutory authority is given the judiciary to permit televised testimony.
The application for permission to present video testimony is, in all respects, denied.